Filed
11/26/2019 12:48 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

CAUSE NO. **19-DCV-268988** _____

| | | |
|---|---|---|
| JUDE DAUDU, | § | IN THE DISTRICT COURT OF |
| | § | |
| _PLAINTIFF,_ | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ASI LLOYDS., | § | |
| | § | |
| | § | Fort Bend County - 268th Judicial District Court |
| _DEFENDANT._ | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jude Daudu, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of ASI Lloyds. (ASI) (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Jude Daudu, resides in Fort Bend County, Texas.

3.  Defendant, ASI Lloyds., is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon ASI Lloyds. through its registered agent for service: **ASI Lloyds, Corporate Creations Network, Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056**. Plaintiff requests service at this time.

## JURISDICTION

4.      The Court has jurisdiction over ASI because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of ASI's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

5.      Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiff owns an ASI Lloyds. insurance policy, number ███████ ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 11014 Murrayburn Drive, Richmond Texas 77407 ("the Property").

8.      ASI or its agent sold the Policy, insuring the Property, to Plaintiff.  ASI or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  ASI has refused the full extent of that coverage currently owed to Plaintiff.

9.      On or about April 13, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Richmond, Texas area.

10.     In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to ASI against the Policy for damage to the Property.   ASI assigned claim number ███████ to

2

Plaintiff's claim.

11.     Plaintiff asked ASI to cover the cost of damage to the Property pursuant to the Policy.

12.     Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, and downspouts.

13.     ASI assigned or hired Sean Ivy to adjust the claim.

    a.     Ivy had a vested interest in undervaluing the claims assigned to him by ASI in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Ivy. The valuation of damages that were included in Ivy's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Ivy.

    b.     Furthermore, Ivy was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Ivy had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.     Ivy made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d.     Ivy made further misrepresentations to Plaintiff's during his inspection. Ivy used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

3

14.    ASI, through its agents, namely Ivy, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.    The initial adjustment of the claim occurred on or around August 7, 2019.  Ivy found that there was no hail or wind damage to the Property.

16.    After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

17.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $25,807.58.

18.    Since due demand was made on August 28, 2019, ASI has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19.    As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, ASI failed to provide full coverage due under the Policy.

20.    As a result of ASI's failure to provide full coverage, along with ASI's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

21.    ASI failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, ASI refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

22.    Defendant's misrepresentations, unreasonable delays, and continued denials constitute a

4

breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between ASI and Plaintiff.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, ASI, through its agents, servants, and representatives, namely Ivy, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

27. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the

Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

28.    Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ASI LLOYDS.

### BREACH OF CONTRACT

29.    All allegations above are incorporated herein.

30.    ASI is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between ASI and Plaintiff.

31.    ASI's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.    All allegations above are incorporated herein.

33.    ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

34.     ASI's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.     ASI's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.     ASI's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37.     ASI's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.     ASI's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     All allegations above are incorporated herein.

40.     ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.   ASI's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.   ASI's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.   All allegations above are incorporated herein.

44.   ASI's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.   ASI's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, ASI knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46.   All allegations above are incorporated herein.

47.   ASI's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by ASI pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against ASI.  Specifically, ASI's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, ASI has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  ASI's violations include without

limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    ASI represented to Plaintiff that the Policy and ASI's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    ASI also represented to Plaintiff that the Policy and ASI's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, ASI advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    ASI breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    ASI's actions are unconscionable in that ASI took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  ASI's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    ASI's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

9

48.     Each of the above-described acts, omissions, and failures of ASI is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.     All allegations above are incorporated herein.

50.     ASI is liable to Plaintiff for common-law fraud.

51.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and ASI knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.     ASI made the statements intending that Plaintiff act upon them.   Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

53.     Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

54.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

55.    Since the claim was made, ASI has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

57.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

58.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59.    The damage to Plaintiff's Property is currently estimated at $25,807.58.

60.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the

acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX.
INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is
entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum
penalty on that claim, as damages, as well as pre-judgment interest and reasonable
attorney's fees.  TEX. INS. CODE §542.060.

62.    For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to
compensatory damages, including all forms of loss resulting from Defendant's breach of
duty, such as additional costs, economic hardship, losses due to nonpayment of money ASI
owed, and exemplary damages.

63.    Defendant's breach of the common-law duty of good faith and fair dealing was committed
intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with
"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies
Code.  These violations are the type of conduct which the State of Texas protects its citizens
against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery
of exemplary damages in an amount determined by the finder of fact sufficient to punish
Defendant for its wrongful conduct and to set an example to deter Defendant and others
from committing similar acts in the future.

64.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly
fraudulent and malicious representations, along with attorney's fees, interest, and court
costs.

65.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the
services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the

Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, ASI Lloyds., be cited and served to appear, and that upon trial hereof, Plaintiff, Jude Daudu, has and recovers from Defendant, ASI Lloyds., such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and

procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Jude Daudu, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

Filed
11/26/2019 4:40 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez



# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

# REQUEST FOR PROCESS
### All sections <u>must</u> be completed for processing this request.

---

**Section 1:**

Cause No._____

STYLE: _Jude Daudu_____ VS _ASI Lloyds_____

---

**Section 2:**

## Check Process Type:

☐ Citation                                    ☐ Precept to Serve / Notice of Hearing

☐ Citation by Posting                         ☐ Citation by Commissioner of Insurance

☐ Temporary Restraining Order                 ☐ Notice of Registration of Foreign Judgment

☐ Citation by Secretary of State             ☐ Writ of _____

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Citation by Publication*:

    ☐ **Daily**: Fort Bend Herald       ☐ **Once a Week**: Fort Bend Independent

    ☐ **Other**: _____

    * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices

☐ Other _____

<span style="color:red">**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**</span>

---

**Section 3:**

## Title of Document/Pleading to be attached for service:_____

Jury Demand and Request for Disclosure

---

**Section 4:** **PARTIES TO BE SERVED** (Please type or print)**:**

1. Name:_ASI Lloyds_____

    Address: _Corporate Creations Network, Inc. 5444 Westheimer Rd. Suite 1000_

    City:_Houston_____ State:_____ Zip:_77056_____

2. Name:_____

    Address: _____

    City:_____ State:_____ Zip:_____

3. Name:_____

   Address: _____

   City:_____State:_____Zip:_____

4. Name:_____

   Address: _____

   City:_____State:_____Zip:_____

5. Name:_____

   Address: _____

   City:_____State:_____Zip:_____

**Section 5**

## Check Service Type – Additional Fees Apply:

☐   Picked up and served by a representative at LDM Process Servers

\* Fort Bend County Constable and Sheriff will only serve within their jurisdiction.

**Section 6 (ONLY if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Chad T. Wilson

## Address: 455 East Medical Center Boulevard, Suite 555
Street/P.O. Box

Webster           Texas           77598

City          State          Zip

## Telephone No. (832) 415-1432   Bar No.   24079587

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:_____

## Address:_____
Street/P.O. Box

City          State          Zip

## Telephone No._____Email Address _____

## Pro-se Service Only:

☐ e-Service*    ☐ Mail to Pro-se Party*    ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.*

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    **ASI LLOYDS
CORPORATE CREATIONS NETWORK INC
5444 WESTHEIMER RD SUITE 1000
HOUSTON TX  77056**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **November 26, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-268988**  and is styled:

**JUDE DAUDU V. ASI LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX  77598
832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of November, 2019.**

                                **DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
          Deputy District Clerk **VANESSA VASQUEZ**
          Telephone: **(281) 341-3754**

**ORIGINAL**

**19-DCV-268988**                                              **268th Judicial District Court**
**Jude Daudu v. ASI Lloyds**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
                                        Name of Officer or Authorized Person

_____County, Texas

By:_____
                                        Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____,
                                                                                        (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to ASI Lloyds on 11/27/2019.

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**   THE STATE OF TEXAS

CITATION

TO:   **ASI LLOYDS**
**CORPORATE CREATIONS NETWORK INC**
**5444 WESTHEIMER RD SUITE 1000**
**HOUSTON TX  77056**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **November 26, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-268988**  and is styled:

**JUDE DAUDU V. ASI LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of November, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
Deputy District Clerk **VANESSA VASQUEZ**
Telephone: **(281) 341-3754**

**SERVICE**

19-DCV-268988                                    **268th Judicial District Court**
**Jude Daudu v. ASI Lloyds**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                        (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                            (Street, City, Zip)

_____,"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
12/5/2019 4:34 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

## THE STATE OF TEXAS

### CITATION

**TO:**   **ASI LLOYDS**
**CORPORATE CREATIONS NETWORK INC**
**5444 WESTHEIMER RD SUITE 1000**
**HOUSTON TX   77056**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **November 26, 2019**, a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-268988** and is styled:

**JUDE DAUDU V. ASI LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX   77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of November, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
Deputy District Clerk **VANESSA VASQUEZ**
Telephone: **(281) 341-3754**

**ORIGINAL**

19-DCV-268988                                    **268th Judicial District Court**
Jude Daudu v. ASI Lloyds

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _2nd_ day of _December_, 20_19_, at _11:30_ o'clock _A_ M.
Executed at _5444 Weitheimer Rd. Suite 1000 Houston TX 77056_, within the County of __
_HARRIS_, at _3:00_ o'clock _P_ M. on the _2nd_ day of _
December_, 20_19_, by delivering to the within named _ASI Lloyds c/o Corporate
Creatione Network Inc_, in person, a true copy of this citation together
with the accompanying copy of the petition, having first attached such copy of such petition to such copy
of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_Pamela Hall_
Name of Officer or Authorized Person

_Fort Bend_ _____, County, Texas
By: _Pamela R Hall_ _PSC 12853 Exp. 08/31/2020_
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Pamela Renee Hall_,
(First, Middle, Last)

my date of birth is ██████████, and my address is _22059 Rustic Canyon Lane_
(Street, City, Zip)

_Richmond Tx 77469_."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _HARRIS_ County, State of _Texas_, on the
day of _December 2, 2019_.

_Pamela R Hall_
Declarant / Authorized Process Server

_PSC 12853 Exp. 08/31/2020_
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to ASI Lloyds on 11/27/2019.

## AFFIDAVIT OF AUTHORITY

I, Veronica C. Valega, Operations Director of Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Regus, and all of its staff, including but not limited to Leslie Cruz, Johnny Rivera and Sandra Zboyan, to accept and mail all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of me and my companies. This authorization includes signing on behalf of myself, Corporate Creations Network Inc., or United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 5444 Westheimer #1000, Houston, TX 77056.

HEREBY SEEN AND AGREED:

_____          7/1/19
Veronica C. Valega                                    _____
Operations Director                                        DATE
Corporate Creations Network Inc.
United Agent Group Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 1st day of July, 2019 by the above named signatory, who is personally known to me or who produced a drivers license or passport as identification and who did take an oath.

_____
Signature of Notary Public

ANGELA MARTIN
Commission # GG 333501
Expires June 15, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Stamp of Notary Public

Filed
12/12/2019 11:44 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION

9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810

TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna Grey Schexnyder
lschexnyder@lawla.com

December 12, 2019

***Via e-File Texas***
Clerk of District Court
268th Judicial District Court
Fort Bend County, Texas

   Re:  CaUse No. 19-DCV-268988;
      *Jude Daudu vs. ASI Lloyds;*
      In the District Court of Fort Bend Country, Texas, 268th Judicial District

Dear Sir/Madam:

  Please accept this letter via e-file as our request for <u>certified</u> copies of everything in the record. As of today's date, there is a total of 23 pages in the record. $23 will have been paid via e-file with this request.

  Should you have any questions, or need anything further, please do not hesitate to call.

      Very truly yours,

      */s/ LaDonna G. Schexnyder*

      LaDonna G. Schexnyder

LGS/lb